**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| NATHAN RAWSHAWN HOYE,<br><br>Petitioner,<br><br>vs.<br><br>ALLEGHENY COURTS and DISTRICT ATTORNEY OF ALLEGHENY COUNTY,<br><br>Respondents. | ) | Civil Action No. 2:26-cv-1454<br><br>Joy Flowers Conti<br>Senior United States District Judge<br><br>Christopher B. Brown<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**

**CHRISTOPHER B. BROWN, United States Magistrate Judge**

## I. RECOMMENDATION

Petitioner, Nathan Rawshawn Hoye, is a former Pennsylvania state prisoner. He has filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court may dismiss the petition prior to service if it plainly appears Hoye is not entitled to relief. That is the case here as the petition is a second or successive petition that Hoye has filed without prior authorization from the United States Court of Appeals for the Third Circuit, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended the Petition be summarily dismissed pre-service for lack of jurisdiction and a certificate of appealability be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.

## II. REPORT

### A. Relevant Background

Hoye is attempting to again challenge the Judgment of Sentence imposed by the Court of Common Pleas of Allegheny County, Criminal Division, at Criminal No. CP-02-CR-0004077-2018. *See Hoye v. Attorney General of Pennsylvania, et al.*, Civil Action No. 2:22-cv-1015 (W.D. Pa). On June 8, 2026, the undersigned dismissed Hoye's petition in that case finding all claims raised were procedurally defaulted and Hoye had failed to advance any argument as to why the Court should excuse the procedural default of those claims. ECF Nos. 189 and 190. A certificate of appealability was denied. *Id*. And a Judgment Order was entered that same day. ECF No. 191.

The parties were advised any party wishing to appeal must file a Notice of Appeal within 30 days, as provided in Rule 3 of the Federal Rules of Appellate Procedure. ECF No. 190 (citing Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure). To date, Hoye has not filed a notice of appeal. Rather, on July 7, 2026, Hoye initiated this new habeas case by lodging the instant petition challenging the same judgment of conviction he raised in Case No. 22-cv-1015. ECF No. 1. Hoye also filed on that date a motion for leave to proceed in forma pauperis ("IFP Motion"), a motion to review discovery, transcripts, and a motion to prove incompetent to stand trial. ECF Nos. 1, 4, and 5. Hoye was granted leave to proceed in forma pauperis on July 13, 2026, ECF No. 2, and his petition was filed on that date. ECF No. 3.

**B. Discussion**

Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the district court must promptly review Section 2254 petitions and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Upon Rule 4 review of Hoye's habeas petition, it is recommended the petition be dismissed because jurisdiction is lacking.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same state court judgment of sentence he previously challenged in federal habeas, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-33 (2010). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewar*t, 549 U.S. 147 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 815 (3d Cir. 2005).

The record is clear Hoye has not obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive petition. Because Hoye has not obtained the required authorization, the instant Petition constitutes an unauthorized second or successive petition and this Court lacks jurisdiction to

consider it.[1] Therefore, it is recommended the instant petition be dismissed for lack of jurisdiction.

**C. Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would all agree Hoye has not shown he obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive habeas corpus petition. Reasonable jurists would also agree this Court lacks jurisdiction and authority to consider the second or successive habeas petition without proof of such leave. Accordingly, it is recommended a certificate of appealability be denied.

---

[1] This Report and Recommendation should not be read as a comment upon the merits of any claim Hoye could raise in a second or successive habeas petition challenging his judgment of sentence, or whether such petition would be subject to dismissal on other grounds.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended the petition for a writ of habeas corpus be summarily dismissed and a certificate of appealability be denied. It is also recommended Hoye's motion to review discovery, transcripts and motion to prove incompetent to stand trial be denied as moot.

Hoye is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 72(b)(2), and LCvR 72.D.2, Hoye may file written objections to this Report and Recommendation by **August 4, 2026.** Hoye is advised that failure to file timely specific objections within this time frame "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983)). *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

Dated: July 14, 2026

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc: NATHAN HOYE
704 Second Avenue
Pittsburgh, PA 15219
(via U.S. First Class Mail)