**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATHAN RAWSHAWN HOYE**, | ) | CIVIL ACTION NO.  **26-1454** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ALLEGHENY COURTS and** | ) | |
| **DISTRICT ATTORNEY of** | ) | |
| **ALLEGHENY COUNTY,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.  On July 14, 2026, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 6), which recommended that the petition filed pro se by Nathan Rawshawn Hoye ("Hoye") be summarily dismissed pre-service for lack of jurisdiction.  Hoye filed timely objections (ECF No. 7).

<u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense

1

of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pa. Dept. of Corr.*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

Background

Hoye was convicted in the Court of Common Pleas of Allegheny County in criminal case CP-02-CR-000477-2018, on charges resulting from an incident while Hoye was a prisoner at the Allegheny County Jail.  He was ultimately sentenced on July 14, 2022, to 57 to 114 months in prison.  The Pennsylvania Superior Court affirmed Hoye's sentence in November 2023.

Hoye filed a § 2254 petition in this court to challenge his state conviction and sentence. Civil No. 22-1015.  On June 8, 2026, after extensive proceedings, the magistrate judge issued a thorough opinion, order and judgment denying the petition (Civ. No. 22-1015, ECF Nos. 189, 190, 191).  Hoye was advised of his right to appeal (ECF No. 190).  Hoye did not appeal the magistrate judge's decision in Civil No. 22-1015.

Instead, on July 7, 2026, Hoye filed a motion to proceed in forma pauperis ("IFP") with a new § 2254 petition in Civil No. 26-1454.  The § 2254 petition in Civil No. 26-1454 attacks the

same underlying Pennsylvania conviction and sentence as the § 2254 petition Hoye filed in Civil No. 22-1015. (*Compare* Civil No. 26-1454, ECF No. 3 *with* Civil No. 22-1015, ECF No. 1).

The magistrate judge performed a review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings. The magistrate judge determined that Hoye plainly is not entitled to relief in the district court because he is attempting to file a second or successive petition without first obtaining permission from the United States Court of Appeals for the Third Circuit. The magistrate judge explained that pursuant to the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this court lacks jurisdiction to consider Hoye's second § 2254 petition. The magistrate judge recommended, therefore, that the petition be summarily dismissed prior to service on the named defendants (ECF No. 6). The magistrate judge recommended that a certificate of appealability be denied.

Discussion

Hoye's objections to the R&R are difficult to decipher. He states that he is innocent; the police officer involved in the 2018 incident lied; there is no camera or DNA evidence; and he only pleaded guilty because counsel took advantage of his mental health and physical health conditions. He attached what appears to be an exchange of emails. *See* ECF No. 7.

Upon review of Hoye's objections, the court will adopt the R&R of the magistrate judge. It is clear that Hoye is attempting to challenge the same underlying state conviction that he challenged in Civil No. 22-1015. Thus, the petition in this case, Civil No. 26-1454, is a second or successive petition. It is also clear that Hoye did not obtain permission from the Third Circuit Court of Appeals prior to filing the petition in this case. This court, therefore, lacks jurisdiction

3

to consider it.  The court agrees that a certificate of appealability should not issue.

Conclusion

For the reasons set forth above, the court will adopt the R&R (ECF No. 6) as the opinion of the court, as supplemented herein.  The § 2254 petition (ECF No. 3) will be dismissed for lack of jurisdiction.  A certificate of appealability should not issue.  All pending motions will be denied as moot and Civil No. 26-1454 will be closed.

An appropriate order follows.

Dated: July 22, 2026                                    BY THE COURT

*/s/ Joy Flowers Conti*
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE

4